**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI**

| | | |
|---|---|---|
| **LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation,** | : | **Case No.** 1:25-cv-00956 |
| | : | **Judge** |
| **Plaintiffs** | : | |
| **v.** | : | |
| **PAWN AMERICA MINNESOTA, LLC D/B/A PAWN AMERICA, a Minnesota limited liability company,** | : | |
| **Defendant** | : | |

## COMPLAINT

Plaintiffs Luxottica Group S.p.A. ("Luxottica Group") and Oakley, Inc. ("Oakley"), through their undersigned counsel, sue Defendant, Pawn America Minnesota, LLC ("Defendant") and allege:

## INTRODUCTION

1. This lawsuit arises from the violation of the intellectual property rights of Luxottica Group and Oakley by Defendant's promotion and sale of sunglasses bearing counterfeits of the Ray-Ban and Oakley trademarks (the "Counterfeit Merchandise"). Through this action, Luxottica Group and Oakley seek to address Defendant's ongoing counterfeiting activities, and to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. § 1114 (the "Lanham Act").

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since it directly targets business activities toward consumers in Ohio and caused harm to Luxottica Group's and Oakley's business within this Judicial District. Defendant has targeted sales to Ohio residents by operating a fully interactive and commercial website (www.pawnamerica.com) that allows Ohio residents to purchase Counterfeit Merchandise within the State of Ohio. Defendant is committing tortious acts in Ohio, is engaging in interstate commerce and has wrongfully caused Luxottica Group and Oakley substantial injury in the State of Ohio.

## PARTIES

4. Plaintiff, Luxottica Group is an Italian corporation with a principal place of business in Milan, Italy.

5. Plaintiff, Oakley is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect wholly owned subsidiary of Luxottica Group S.p.A.

6. Defendant, Pawn America Minnesota, LLC ("Pawn America") is a Minnesota limited liability company with its principal place of business located at 181 S River Cir., Burnsville, Minnesota 55337. Pawn America owns and operates 17 pawn shops throughout Minnesota and Wisconsin, including an online store (www.pawnamerica.com) through which consumers can purchase new and used branded merchandise. As alleged herein, Defendant is

directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

## FACTUAL ALLEGATIONS

### A. The World-Famous Luxottica Brands and Products.

7. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

8. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Ohio.

10. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Amended Complaint.

11. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

12. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 650,499 | Ray-Ban | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | Ray-Ban | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,320,460 | Ray-Ban | For: sunglasses and carrying cases therefor, in class 9. |
| 1,511,615 | LUXOTTICA | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |
| 1,320.460, | Ray-Ban | For: Sunglasses and Carrying Cases Therefor in Class 9 |

13. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the Ray-Ban Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendant of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B. The World-Famous Oakley Brand and Products.**

17. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

18. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Ohio.

19. Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Amended Complaint.

20. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below). As a result,

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

21. Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 1,984,501 | | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. |
| ,980,039 | OAKLEY | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips in class 9. |
| 3,665,464 | HDO<br>OAKLEY HIGH DEFINITION OPTICS | For: Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, ear stems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in Class 9 |
| 3,151,994 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |

| | | |
|---|---|---|
| 4,813,708 | PRIZM | For: Protective and/or anti-glare eyewear, namely, sunglasses and their parts and accessories, namely, replacement lenses in Class 9 |

22. Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks. These registrations are valid and subsisting and the majority are incontestable.

23. The registration of the Oakley Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

24. The registration of the Oakley Trademarks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Trademarks.

25. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C. Defendant's Counterfeiting Activities.**

26. On November 17, 2025, Luxottica Group's investigator visited Defendant's website at www.pawnamerica.com and purchased one pair of Ray-Ban branded sunglasses for a total purchase price of $102.70 (Order # 241-17112025-164242653) and one pair of Oakley branded sunglasses for a total purchase price of $124.67 (Order #242-17112025-165434425). Below are photographs depicting the Ray-Ban and Oakley branded sunglasses and accessories purchased from Defendant's website on November 17, 2025, which Defendant shipped to Mason, Ohio:


Ray-Ban


Ray-Ban


Ray-Ban








PRIZM P




27. Luxottica Group, on behalf of itself and Oakley, has inspected each of the items detailed in Paragraph 26 above that were purchased by Luxottica Group's investigator from Defendant's website, and determined that the Ray-Ban and Oakley Trademarks affixed to the sunglasses and accessories are either incorrect or inconsistent with the Ray-Ban and Oakley Trademarks found on similar products bearing authentic Ray-Ban and Oakley Trademarks.

28. Luxottica Group, on behalf of itself and Oakley, also determined that the items purchased from Defendant infringed one or more of the Ray-Ban and Oakley Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Oakley Trademarks.

29. Plaintiffs did not manufacture, and they did not authorize anyone to manufacture any of the counterfeit Ray-Ban and Oakley trademarked products that were sold by Defendant as identified herein.

30. Defendant does not have a license, authority, or other permission from Luxottica Group or Oakley to use the Ray-Ban and Oakley Trademarks in connection with the advertising, promoting, offering for sale or sale of the Counterfeit Merchandise.

31. Defendant's actions, as described above, constitute direct trademark infringement in violation of the Lanham Act.

32. Defendant's actions, as described above, are intended to cause confusion or mistake, and to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale by Defendant are authentic or authorized products of Luxottica Group and Oakley.

33. Defendant's actions, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Oakley.

34. Defendant is aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Ray-Ban and Oakley Trademarks, and the incalculable goodwill associated therewith.

35. Defendant's knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation. In addition, the damage caused by Defendant is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks.

36. Luxottica Group and Oakley seek damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing the Ray-Ban and Oakley Trademarks.

**COUNT I**
**(15 U.S.C. § 1114)**
**(Trademark Infringement)**

37. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 36 above.

38. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Oakley Trademarks.

39. Defendant promoted, advertised, and offered for sale products bearing counterfeits of one or more of the Ray-Ban and Oakley Trademarks without Plaintiffs' permission and without any compensation to the Plaintiffs.

40. The foregoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and/or sold by Defendant are authentic or authorized products of Luxottica Group and Oakley.

41. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Oakley.

42. Defendant directly and willfully infringed Plaintiffs' trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendant Pawn America Minnesota, LLC as follows:

A. Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Awarding Plaintiffs statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C. Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendant; and

D. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated this 22nd day of December 2025

Respectfully submitted,

/s/ *Kaeanna W. Dzialo*
Kaeanna W. Dzialo (Ohio Bar #0096520)
UB Greensfelder LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel: 513.698.5000
Fax: 216.583.7001
Email: kdzialo@ubglaw.com

-and-

/s/ David B. Rosemberg
David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed)*
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Plaintiffs*