IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| LUXOTTICA GROUP S.P.A. and OAKLEY, INC., | : | Case No. 1:25-cv-956 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PAWN AMERICA MINNESOTA, LLC D/B/A PAWN AMERICA, | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Partial Motion to Dismiss (Doc. 14). Plaintiffs filed a Response in Opposition (Doc. 16). Defendant then filed a Motion for Leave to File a Reply Instanter (Doc. 18) after the reply deadline. Plaintiffs oppose the filing of the Reply. (Response, Doc. 19). These matters are now briefed and ripe for the Court's review. For the following reasons, the Court **DENIES** Defendant's Motion for Leave to File a Reply Instanter (Doc. 18) and **DENIES** Defendant's Partial Motion to Dismiss (Doc. 14).

## BACKGROUND

Plaintiff Luxottica Group S.p.A. and Plaintiff Oakley, Inc., are both in the eyewear business. (Compl., Doc. 1, ¶¶ 7, 17.) Over the years, Plaintiffs have distributed their eyewear across the globe under their respective Ray-Ban and Oakley trademarks. (*Id.* at ¶¶ 8-25.) Defendant Pawn America Minnesota, LLC, owns and operates over a dozen

pawn shops—as well as an online store through which customers can buy new or used merchandise. (*Id.* at ¶ 6.)

On November 17, 2025, Plaintiffs' investigator purchased a pair of Ray-Ban branded sunglasses and a pair of Oakley branded sunglasses from Defendant's website. (Compl., Doc. 1, ¶ 26.) The Ray-Ban branded sunglasses were purchased for $102.70, while the Oakley branded sunglasses were purchased for $124.67. (*Id.*) Following inspection, Plaintiffs determined that the sunglasses were counterfeit and displayed incorrect or inconsistent trademarks. (*Id.* at ¶¶ 27-28.) According to Plaintiffs, the sunglasses were also "cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks." (*Id.* at ¶ 35.) Plaintiffs further allege that "Defendant's knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to [Plaintiffs'] goodwill and reputation." (*Id.*) Defendant allegedly acted in this manner while "aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands." (*Id.* at ¶ 34.)

Plaintiffs initiated this lawsuit on December 22, 2025. (*See* Compl., Doc. 1.) Specifically, Plaintiffs bring a claim for trademark infringement against Defendant and seek statutory damages for willful trademark counterfeiting. (*Id.* at ¶¶ 37-42.) In response, Defendant moved to dismiss only Plaintiffs' willfulness allegations and claims for enhanced statutory damages. (Partial Motion to Dismiss, Doc. 14.) Plaintiffs filed a Response in Opposition (Doc. 16). Defendant submitted a Motion for Leave to File a Reply Instanter (Doc. 18), which Plaintiffs oppose (Response, Doc. 19). These matters are now ripe for review.

2

## LAW AND ANALYSIS

### I.      Motion for Leave to File Reply Instanter

The Court first considers the preliminary matter of Defendant's Motion for Leave to File Reply Instanter (Doc. 18). The deadline for Defendant to file its Reply in Support of its Partial Motion to Dismiss was February 24, 2026. *See* S.D. Ohio Civ. R. 7.2(a)(2). Defendant moved for leave to file its Reply instanter on March 5, 2026, because "counsel inadvertently calendared the wrong date for Defendant's Reply." (Motion for Leave, Doc. 18, Pg. ID 68.) Accordingly, because Defendant's request was made out of time, the excusable neglect standard applies. *See* Fed. R. Civ. P. 6(b). Five factors govern this inquiry: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Plaintiffs oppose Defendant's untimely filing of its Reply. (Response, Doc. 19.) Upon review, the Court finds the nine-day delay not particularly lengthy or prejudicial to Plaintiffs. Nothing in the record indicates that Defendant has acted in bad faith. But, the most important factor—the reason for the delay—cuts the other way. *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006). An attorney's mis-calendaring or carelessness has often qualified as inexcusable and within the reasonable control of the movant. *See, e.g., Nafziger*, 647 F.3d at 524; *Pres. Partners, Inc. v. Sawmill Park Props., LLC*, No. 2:22-CV-477, 2024 WL 469318, at *1 (S.D. Ohio Feb. 7, 2024); *Blazer v. Chrisman Mill*

3

*Farms, LLC,* No. 5:17-CV-430, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018) (collecting cases). Considering the factors together on this particular record, the Court denies Defendant's Motion for Leave to File Reply Instanter (Doc. 18). In any event, even if the Reply were considered, the analysis below would remain unchanged.

## II.    Defendant's Partial Motion to Dismiss

Defendant moves to dismiss Plaintiffs' willfulness allegations and claims for enhanced statutory damages. (Partial Motion to Dismiss, Doc. 14.) A motion to dismiss for "failure to state a claim upon which relief can be granted" tests the plaintiff's cause of action as stated in a complaint. Fed. R. Civ. P. 12(b)(6); *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Put differently, the complaint must lay out enough facts for a court to plausibly infer that the defendant wronged the plaintiff. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.,* 727 F.3d 502, 504 (6th Cir. 2013). Courts must accept all allegations of material fact as true and must construe such allegations in the light most favorable to the plaintiff. *Twombly,* 550 U.S. at 554-55; *Doe v. Baum,* 903 F.3d 575, 586 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly,* 550 U.S. at 555.

"A party proves trademark infringement by showing (1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *AWGI, LLC v. Atlas Trucking Co., LLC,* 998 F.3d 258, 264 (6th Cir. 2021) (quotations omitted). Here, however, Defendant

4

submits a "narrow motion" that seeks dismissal only as to Plaintiffs' "unsupported willfulness allegations and the extraordinary enhanced damages predicated on them." (Partial Motion to Dismiss, Doc. 14, Pg. ID 38.) Up to $2,000,000 in enhanced statutory damages can be awarded under the Lanham Act when "the court finds that the use of the counterfeit mark was willful." 15 U.S.C. § 1117(c)(2). "[I]nfringement is willful, and thus triggers the enhanced statutory damages limit, if the defendant 'had knowledge that its actions constitute an infringement.'" *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) (quoting *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) (quotation omitted)). Moreover, district courts within the Sixth Circuit have determined that "the willfulness standard for increasing damages under 15 U.S.C. § 1117(c) includes knowingly, intentional, or *reckless*." *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No. 05-70804, 2007 WL 1834714, at *5 (E.D. Mich. June 25, 2007).

In resolving the pending motion, the Court remains cognizant of this case's present posture. "[A]lthough conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." *Katoula v. Detroit Ent., LLC*, 557 F. App'x 496, 498 (6th Cir. 2014) (cleaned up). A motion to dismiss under Rule 12(b)(6), though, is not a conducive vehicle to resolve factual disputes. *VCST Int'l B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 403 (6th Cir. 2025); *Moher v. United States*, 875 F. Supp. 2d 739, 757 (W.D. Mich. 2012); *see also Acosta Colon v. Wyeth Pharm. Co.*, 363 F. Supp. 2d 24, 29 (D.P.R. 2005) ("[T]o make a factual finding regarding whether defendant's actions were willful is inappropriate at a motion to dismiss stage in the proceedings.");

5

*SRI Int'l, Inc. v. Advanced Tech. Lab'ys, Inc.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997) (explaining that "[w]illful infringement is a question of fact [that] not only raises issues of reasonableness and prudence, but is often accompanied by questions of intent, belief, and credibility"); *Bensky v. Indyke*, 743 F. Supp. 3d 586, 599 (S.D.N.Y. 2024) ("[S]tate-of-mind issues are rarely grounds for dismissal."). Turning to the allegations here, the Court views them collectively and in the light most favorable to Plaintiffs. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007).

To begin, Plaintiffs allege that "Defendant's knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to [Plaintiffs'] goodwill and reputation." (Compl., Doc. 1, ¶ 35.) Defendant allegedly did so despite an "aware[ness] of the extraordinary fame and strength of the Ray-Ban and Oakley brands." (*Id.* at ¶ 34.) In support of this alleged willfulness, Plaintiffs also point to the "cheap and inferior" nature of the sunglasses—as well as the Ray-Ban and Oakley trademarks affixed in an "incorrect or inconsistent" manner. (*Id.* at ¶¶ 27, 35; *see also* Response, Doc. 16, Pg. ID 60.) The degree to which the sunglasses' cheapness and inferiority can end up fully supporting a finding of willfulness in this context is better adjudicated down the road. *See U.S. Media Corp. v. Edde Ent., Inc.*, No. 94-CV-4849, 1996 WL 520901, at *7 (S.D.N.Y. Sept. 12, 1996) (explaining that the infringer's occupation may be relevant in examining "[r]eckless disregard for the possibility of infringement" and emphasizing that the underlying factual issue of willfulness generally "requires assessment of a party's state of mind"). Furthermore, the fact that Plaintiffs' present lawsuit seeks to address "Defendant's *ongoing* counterfeiting

6

activities" only strengthens the conclusion that Plaintiffs' claim can proceed in full. (Compl., Doc. 1, ¶ 1 (emphasis added)); *see Monolithic Power Sys. v. Baseus Accessories LLC,* 616 F. Supp. 3d 745, 751 (S.D. Ohio 2022) (denying motion to dismiss willful trademark infringement claim when the complaint alleged an "active" and "ongoing" situation). Though Defendant certainly contends that more specific allegations are needed (Partial Motion to Dismiss, Doc. 14, Pg. ID 41), the Court finds that—at this early stage of litigation—Plaintiffs' trademark infringement claim can proceed in full.

## CONCLUSION

For all these reasons, the Court **DENIES** Defendant's Motion for Leave to File a Reply Instanter (Doc. 18) and **DENIES** Defendant's Partial Motion to Dismiss (Doc. 14).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND