**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION, CINCINNATI**

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation, | CASE NO. 1:25-cv-00956 |
| Plaintiffs, | |
| v. | **DEFENDANT PAWN AMERICA MINNESOTA, LLC'S ANSWER TO PLAINTIFFS LUXOTTICA GROUP S.P.A. AND OAKLEY, INC.'S FIRST AMENDED COMPLAINT** |
| PAWN AMERICA MINNESOTA, LLC D/B/A PAWN AMERICA, a Minnesota limited liability company, | |
| Defendant. | |

Defendant Pawn America Minnesota, LLC d/b/a Pawn America, hereby submits its Answer to Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.'s First Amended Complaint (Doc. No. 23) as follows:

## ANSWER TO FIRST AMENDED COMPLAINT

1. The allegations in Paragraph 1 constitute legal conclusions, characterizations, and argument to which no response is required. To the extent any factual allegations are contained therein, Defendant denies the same.

## "JURISDICTION AND VENUE"[1]

2. Admitted.

3. The allegations in Paragraph 3 regarding venue and personal jurisdiction constitute legal conclusions to which no response is required. Defendant denies the remaining allegations in Paragraph 3.

---

[1] References to the headings in Plaintiffs' First Amended Complaint are not to be construed as an admission by Defendant as to any fact relating to the subject of such headings.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same in their entirety.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same in their entirety.

6. Defendant admits it is a Minnesota limited liability company with its principal place of business located at 181 S River Cir., Burnsville, Minnesota 55337. Defendant admits it operates 17 pawn shops throughout Minnesota and Wisconsin, including an online store (www.pawnamerica.com) through which consumers can purchase new and used branded merchandise. Defendant denies the remaining allegations in Paragraph 6.

**"FACTUAL ALLEGATIONS"**

**"A. The World-Famous Luxottica Brands and Products."**

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same in their entirety.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same in their entirety.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same in their entirety.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same in their entirety.

11. The allegation in Paragraph 11 that the "Ray-Ban Trademarks" have acquired strong secondary meaning is a legal conclusion to which no response is required, and thus the allegation is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same in their entirety.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same in their entirety.

13. The allegation in Paragraph 13 that "[t]hese registrations are valid and subsisting and the majority are incontestable" is a legal conclusion to which no response is required, and thus the allegation is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same in their entirety.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required, and thus the allegations are denied in their entirety.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required, and thus the allegations are denied in their entirety.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same in their entirety.

**"B. The World-Famous Oakley Brand and Products."**

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same in their entirety.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same in their entirety.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same in their entirety.

20. The allegation in Paragraph 20 that the "Oakley Trademarks" have acquired strong secondary meaning is a legal conclusion to which no response is required, and thus the allegation is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in Paragraph 20 and therefore denies the same in their entirety.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same in their entirety.

22. The allegation in Paragraph 22 that "[t]hese registrations are valid and subsisting and the majority are incontestable" is a legal conclusion to which no response is required, and thus the allegation is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies the same in their entirety.

23. The allegations in Paragraph 23 constitute legal conclusions to which no response is required, and thus the allegations are denied in their entirety.

24. The allegations in Paragraph 24 constitute legal conclusions to which no response is required, and thus the allegations are denied in their entirety.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same in their entirety.

**"C. Defendant's Counterfeiting Activities."**

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same in their entirety.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same in their entirety.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 regarding Luxottica Group's determinations as represented in Paragraph 28 and therefore denies the same in their entirety. Defendant denies that it has sold any products that infringe any of the "Ray-Ban Trademarks" or "Oakley Trademarks." Defendant

denies that it has sold any products that "bore reproductions of marks that are identical with, or substantially indistinguishable" from any of the "Ray-Ban Trademarks" or "Oakley Trademarks." All remaining allegations in Paragraph 28 are denied.

29. Defendant denies it sold any "counterfeit Ray-Ban and Oakley trademarked products." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies the same in their entirety.

30. Defendant denies that it has ever sold any "Counterfeit Merchandise," and thus denies the allegations in Paragraph 30 in their entirety.

31. The allegations in Paragraph 31 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in their entirety.

32. Defendant denies the allegations in Paragraph 32 in their entirety.

33. Defendant denies the allegations in Paragraph 33 in their entirety.

34. Defendant denies the allegations in Paragraph 34 in their entirety.

35. Defendant denies the allegations in Paragraph 35 in their entirety.

36. Defendant denies that Plaintiffs are entitled to any damages as a result of any actions taken by Defendant. All remaining allegations in Paragraph 36 are denied.

**"COUNT I"**
**"(15 U.S.C. § 1114)"**
**"(Trademark Infringement)"**

37. Defendant denies that Plaintiffs are entitled to any damages as a result of any actions taken by Defendant. All remaining allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in their entirety.

39. Defendant denies the allegations in Paragraph 39 in their entirety.

40. Defendant denies the allegations in Paragraph 40 in their entirety.

41. Defendant denies the allegations in Paragraph 41 in their entirety.

42. Defendant denies the allegations in Paragraph 42 in their entirety.

**"PRAYER FOR RELIEF"**

Defendant denies all allegations in the "Prayer for Relief" and denies that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief."

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant alleges and asserts the following defenses in response to the allegations in Plaintiffs' First Amended Complaint. Defendant specifically reserves all rights to assert additional defenses that become known to it through the course of discovery.

**First Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**Second Affirmative Defense**

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, estoppel and/or acquiescence.

Date: August 7, 2026

Respectfully submitted,

**WOOD HERRON & EVANS, LLP**

*/Glenn D. Bellamy/*
Glenn D. Bellamy (Ohio Bar No. 0070321)
Counsel of Record
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Tel: 513.707.0243
Fax: 513.241.6234
Email: gbellamy@whe-law.com

Julie C. Scheipeter, Admitted *Pro Hac Vice*
Zachary T. Buchheit, *Pro Hac Vice* forthcoming
**STINSON LLP**
7700 Forsyth Blvd., Ste. 1100
St. Louis, MO 63105
Tel: 314.863.0800
Fax: 314.863.9388
Email: julie.scheipeter@stinson.com
zachary.buchheit@stinson.com

*Counsel for Defendant Pawn America Minnesota, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, a copy of the foregoing Defendant's Answer to Plaintiffs' First Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's filing system.

/Glenn D. Bellamy/
Attorney for Defendant